UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOTES DRIVE LLC,

        Plaintiff,

v.                                    Case No. 2:21-cv-276-JLB-NPM

SCOTTSDALE INSURANCE
COMPANY

        Defendant.

---

## ORDER

Before the Court is Plaintiff Notes Drive LLC's motion to compel discovery (Doc. 29). Defendant Scottsdale Insurance Company did not respond to the motion, and the time to do so has lapsed; therefore, the motion is unopposed. *See* M.D. Fla. R. 3.01(c). For the reasons discussed below, the motion is granted in part.

Notes Drive seeks an order compelling Scottsdale to produce three of its claim specialists[1] for deposition. In its Rule 26(a)(1) disclosures, Scottsdale identified the claim specialists as "individual[s] likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). So, Notes Drive spent the summer and early fall of 2021 attempting to schedule these depositions on mutually available dates. (Doc. 29-1). But contrary to defense counsel's professional obligations (*see*, *e.g.*, Doc. 16, p. 2)—

---

[1] John McCann, TJ Hoffman, and Leslie Scappucci.

and the obligation of Scottsdale and its counsel to adhere to the court's expectations concerning discovery practices (*see* M.D. Discovery Manual, § I.A.1 ("Discovery in this district should be practiced with a spirit of cooperation and civility"); *see also* M.D. Local Rule 3.01(g)(3) ("The purposeful evasion of a communication under this rule can result in a sanction."))—Notes Drive's multiple requests were simply ignored.

Consequently, on October 8, 2021, Notes Drive noticed the depositions of the claim specialists for October 28 and 29. (Doc. 29-1, p. 6). Scottsdale never sought protection from the deposition notices. Instead, while suggesting the depositions were not necessary since Notes Drive would be deposing Scottsdale's Rule 30(b)(6) designee, Scottsdale simply failed to produce the witnesses or appear. (Doc. 29-1, p. 7). Notes Drive continued to seek Scottsdale's cooperation in resetting these depositions. With none to be had, Notes Drive has filed the instant motion.

Through discovery, a party may obtain nonprivileged information relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). And a court has broad discretion to compel or deny discovery. *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014). When granting a motion to compel, the court must award the prevailing party reasonable expenses (with certain exceptions not applicable here), including attorney's fees, related to submitting the motion. Fed. R. Civ. P. 37(a)(5). The court must allow the losing party an

opportunity to be heard as to the reasonableness of the expenses. Fed. R. Civ. P. 37(a)(5).

By identifying the claims specialists in its Rule 26(a)(1) disclosures, failing to seek any protection from the deposition notices, and not offering any opposition to the motion to compel, Scottsdale concedes that the requested discovery is both relevant and proportionate. Accordingly, Notes Drive's unopposed motion to compel discovery (Doc. 29) is **GRANTED in part**.[2] And under these circumstances, the court finds an award of expenses just and appropriate.

Scottsdale will immediately provide Notes Drive with **six days on or before** the discovery cutoff of **February 18, 2022**, during which each of the three claim specialists will be made available for deposition. And Notes Drive will notice the depositions forthwith.[3] Each deposition will last no longer than four hours.

On or before **February 1, 2022**, Notes Drive may file an affidavit attesting to the fees and costs associated with its attempts to schedule the depositions of the three claim specialists and preparing and filing the motion to compel. Scottsdale may file

---

[2] Notes Drive implicitly asked for an extension of the entire case management schedule to provide a three-month window to complete these depositions. But the court sees no good cause for such relief.

[3] Notwithstanding any contrary language in Rules 30, 34, and 45 of the Federal Rules of Civil Procedure, and Local Rule 3.04, Notes Drive may notice the depositions for any of the dates provided, and include a Rule 34 request, or serve a subpoena duces tecum, commanding the production of documents at the commencement of the deposition.

a response **within fourteen days** of the filing of Notes Drive's affidavit, which may only address the reasonableness of the fees and costs and not entitlement to them.

      **ORDERED** in Fort Myers, Florida, on January 18, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE